**IN THE UNITED STATES DISTRICT COURT FOR THE**
**EASTERN DISTRICT OF TENNESSEE**
**CHATTANOOGA DIVISION**

| | | |
|---|---|---|
| **ISABEL TERESA FERNANDEZ JENKINS** | ) | |
| **as next of kin of MYKEL D. JENKINS** | ) | |
| **(Deceased),** | ) | |
| | ) | **DOCKET NO.:_____** |
| **Plaintiff,** | ) | |
| | ) | **JURY DEMAND** |
| **V.** | ) | |
| | ) | |
| **CITY OF CHATTANOOGA,** | ) | |
| **CHATTANOOGA POLICE DEPARTMENT,** | ) | |
| **JOHN DOE 1, JOHN DOE 2, JOHN DOE 3** | ) | |
| **JOHN DOE 4 In their official capacities as** | ) | |
| **agents for the Chattanooga Police Department** | ) | |
| **and in their individual capacity** | ) | |
| | ) | |
| **Defendants.** | ) | |

## COMPLAINT

### Introduction

This is an action for money damages and other relief arising from the death of Mykel Jenkins on March 19, 2021 at 3624 Premium Drive, Chattanooga TN 37415. Mykel Jenkins was an white male aged 29 who was fatally shot by members of the Chattanooga Police Department in violation of his rights under the United States Constitution and the common law.

### Jurisdiction and Venue

1. This Court has jurisdiction to hear the federal civil rights violations in this matter under 28 U.S.C. § 1331 and 28 U.S.C. § 1343 (a)(3)-(4) and supplemental jurisdiction to hear the common law claims under 28 U.S.C. § 1367.

2. Venue is proper under 28 U.S.C. § 1391 because the acts giving rise to this lawsuit occurred in Hamilton County, Tennessee.

3. The City of Chattanooga was given timely notice of this claim by letter to Chattanooga Police Department on May 24, 2021.

**Parties**

4. The Plaintiff, Isabel Teresa Fernandez Jenkins, is the mother of the deceased, Mykel Jenkins ("Decedent"). At all times relevant, the Plaintiff, Isabel Teresa Fernandez Jenkins has been a resident of Tennessee.

5. Defendant City Of Chattanooga is a municipal corporation with the right to sue and be sued. It is responsible for the policies and procedures of the Chattanooga Police Department and the officers it employs. City of Chattanooga, Tennessee may be served through its "chief executive officer" and/or its Mayor Tim Kelly, who can be served at 101 E. 11th Street, Chattanooga, TN 37402.

6. At all times relevant to the Complaint, John Doe 1 was a duly sworn and licensed police officer of the Chattanooga Police Department acting under color of law and within the scope of their employment. They are being sued in their official and individual capacity. Defendant, John Doe 1, can be served with process at 3410 Amnicola Hwy. Chattanooga TN 37406.

7. At all times relevant to the Complaint, John Doe 2 was a duly sworn and licensed police officer of the Chattanooga Police Department acting under color of law and within the scope of their employment. They are being sued in their official and individual capacity. Defendant, John Doe 2, can be served with process at 3410 Amnicola Hwy. Chattanooga TN 37406.

8. At all times relevant to the Complaint, John Doe 3 was a duly sworn and licensed police officer of the Chattanooga Police Department acting under color of law and within the scope of their employment. They are being sued in their official and individual capacity. Defendant, John Doe 3, can be served with process at 3410 Amnicola Hwy. Chattanooga TN 37406.

9. At all times relevant to the Complaint, John Doe 4 was a duly sworn and licensed police officer of the Chattanooga Police Department acting under color of law and within the

scope of their employment. They are being sued in their official and individual capacity. Defendant, John Doe 4, can be served with process at 3410 Amnicola Hwy. Chattanooga TN 37406.

**Facts**

10. On March 19, 2021, in the early morning hours, the Decedent was having a non-violent mental episode at his residence located 3624 Premium Drive, Chattanooga TN 37415.
11. The Decedent had been awake all night, pacing in the residence he shares with his mother..
12. Concerned for her son, the Decedent's mother called the Chattanooga Police Non-Emergency number for help.
13. A Chattanooga Police Officer called the Decedent's mother to see if she was alright.
14. Four Officers arrived at the Decedent's home.
15. Decedent was in his bedroom when the officers arrived.
16. The officers told the Decedent's mother "not to worry, we're not here to take him to jail. We're taking him to the hospital."
17. Decedent said "I don't want to go to the hospital."
18. Decedent said "I want to go to the restroom." Decedent used the restroom without incident..
19. The Decedent goes to his grandmother's room.
20. The Decedent's mother is standing in the door or the room with the police officers.
21. Police Officers tell Decedent's mother to go to her room.
22. Officers "started in" on Decedent. Decedent jumped on the bed. Officers tased him, causing him to fall on the floor in front of the bed.
23. The Decedent was knocked out from the taser, then wakes up agitated and moves towards a police officer.
24. The Decedent's mother watched the officer pull his gun and shoot the decedent twice.
25. Ambulance arrives.
26. K9 unit arrives and enters home.
27. The Decedent was alive and non-aggressive.

28. Situation quickly escalated, resulting in the Decedent being shot a total of six times.

29. The Decedent was transported via ambulance and pronounced dead later in the day on March 19, 2021.

## COUNT 1

### Deprivation of Civil Rights UNder 42 U.S.C. §1983

30. Plaintiff realleges and reasserts each of the preceding paragraphs as if fully set forth herein.

31. The acts of Officers John Doe 1-4 used objectively unreasonable and excessive force in the unwarranted and unnecessary shooting of the decedent,  Mykel Jenkins deprived him of his civil rights.

32. The unlawful and unconstitutional acts of Officers John Doe 1-4 were the proximate cause of Mykel Jenkins' death.

WHEREFORE, the Plaintiff, Isabel Teresa Fernandez Jenkins, seeks judgment against the Defendants jointly and severally in the amount of Twenty Million ($20,000,000) Dollars compensatory and punitive damages, plus attorney fees and costs.

## COUNT II

### Municipal Liability Under 42 U.S.C.  §1983

33. Plaintiff realleges and reasserts each of the preceding paragraphs as if fully set forth herein.

34. City of Chattanooga at all relevant times has maintained a policy, custom, or practice of deliberate indifference to the hiring, training, supervision or discipline of the police officers knowing that those police officers would come into contact with the citizens who were unarmed or otherwise posed no imminent threat to them.

35. In accordance with this municipal policy of indifference, Officers John Doe 1-4 were improperly hired, trained, supervised, and disciplined, and should not have had contact

with a citizen who was unarmed or otherwise posed no imminent threat to them, or, of it they did have contact, should not have used lethal force against the Decedent, who was unarmed or otherwise posed no imminent threat to them.

36. The aforesaid City of Chattanooga policy, custom or practice of deliberate indifference to the hiring, training, supervision, or discipline of its police officers who would come into contact with citizens who were unarmed or otherwise posed no direct imminent threat to them was the direct, proximate cause of the death of the Decedent, Mykel Jenkins.

WHEREFORE, the Plaintiff, Isabel Teresa Fernandez Jenkins, seeks judgment against the Defendants jointly and severally in the amount of Twenty Million ($20,000,000) Dollars compensatory and punitive damages, plus attorney fees and costs.

## COUNT III

### Assault and Battery

37. Plaintiff realleges and reasserts each of the preceding paragraphs as if fully set forth herein.

38. By using lethal force, Officers John Doe 1-4 caused harmful bodily contact with the Decedent, Mykel Jenkins.

39. The aforesaid acts were unprivileged.

40. The aforesaid acts were taken within the scope of employment of Officers John Doe 1-4 by City of Chattanooga.

41. The unlawful acts of Officers John Doe 1-4 were the direct, proximate cause of the Decedent, Mykel Jenkins', death.

WHEREFORE, the Plaintiff, Isabel Teresa Fernandez Jenkins, seeks judgment against the Defendants jointly and severally in the amount of Twenty Million ($20,000,000) Dollars compensatory and punitive damages, plus attorney fees and costs.

## COUNT IV

## Wrongful Death -Tenn. Code. Ann. § 20-5-106

42.  Plaintiff realleges and reasserts each of the preceding paragraphs as if fully set forth herein.

43.  By using deadly force, Officers John Doe 1-4 caused harmful and deadly bodily contact with the Decedent, Mykel Jenkins.

44.  The aforesaid acts were unprivileged.

45. The aforesaid acts were taken within the scope of employment of Officers John Doe 1-4 by City of Chattanooga.

46.  The unlawful acts of Officers John Doe 1-4 were the direct, proximate cause of the Decedent, Mykel Jenkins', death.

WHEREFORE, the Plaintiff, Isabel Teresa Fernandez Jenkins, seeks judgment against the Defendants jointly and severally in the amount of Twenty Million ($20,000,000) Dollars compensatory and punitive damages, plus attorney fees and costs.

## COUNT V

## Negligence

47. Plaintiff realleges and reasserts each of the preceding paragraphs as if fully set forth herein.

48. City of Chattanooga at all relevant times had a duty to properly hire, train, supervise, or discipline its police officers knowing that those police officers would come into contact with citizens who were unarmed or otherwise posed no imminent threat to them.

49. In a breach of that duty, Officers John Doe 1-4 were negligently hired, trained, supervised, or disciplined.

50. City of Chattanooga's negligence in hiring, training, supervising, or disciplining of its police officers who would come into contact with citizens who were unarmed or

otherwise posed no imminent direct threat to them was the direct, proximate cause of the death of Chad Songer.

WHEREFORE, the Plaintiff, Isabel Teresa Fernandez Jenkins, seeks judgment against the Defendants jointly and severally in the amount of Twenty Million ($20,000,000) Dollars compensatory and punitive damages, plus attorney fees and costs.

## COUNT VI

### Survival Act as to Tennessee and Common Law Claims

51. Plaintiff realleges and reasserts each of the preceding paragraphs as if fully set forth herein.
52. Pursuant to T.C.A. § 20-5-106, the Decedent, Mykel Jenkins', rights of action against the Defendants, Officers John Doe 1-4, and City of Chattanooga survive his death in favor of his Estate.
53. The Plaintiffs there seek damages recoverable under the Act, including but not limited to Mykel Jenkins' conscious pain and suffering, medical bills, funeral expenses, and lost earning capacity.

WHEREFORE, the Plaintiff, Isabel Teresa Fernandez Jenkins, seeks judgment against the Defendants jointly and severally in the amount of Twenty Million ($20,000,000) Dollars compensatory and punitive damages, plus attorney fees and costs.

## COUNT VII

### Wrongful Death Act as to Tennessee and Common Law Claims

54. Plaintiff realleges and reasserts each of the preceding paragraphs as if fully set forth herein.

55. Pursuant to the T.C.A. §20-5-113, Plaintiffs, see all damages recoverable under the statute, including but not limited to losses resulting from financial support Mykel Jenkins could have been expected to provide his next of kin, and the value of lost services had he lived.

WHEREFORE, the Plaintiff, Isabel Teresa Fernandez Jenkins, seeks judgment against the Defendants jointly and severally in the amount of Twenty Million ($20,000,000) Dollars compensatory and punitive damages, plus attorney fees and costs.

## Jury Trial

The Plaintiffs demand a trial by jury on all issues so triable.

Dated: March 18, 2022.

Respectfully submitted,

/s/ Robert F. Davis
Robert Floyd Davis (B.P.R. #30129)
Roger D. Layne (B.P.R. # 33873)
Davis, Kessler & Davis
433 Cherokee Blvd.
Chattanooga, TN 37405
Phone: (423) 267-7000
Fax: (423) 717-5488
roger@daviskessler.com
robert@daviskessler.com
*Attorneys for Plaintiff*