UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | | |
|---|---|---|
| ISABEL TERESA FERNANDEZ JENKINS, as Next of kin of MYKEL D. JENKINS (Deceased), | : : : | |
| Plaintiff, | : : | |
| vs. | : : | Civil Action No. 1:22-cv-69 |
| CITY OF CHATTANOOGA, CHATTANOOGA POLICE DEPARTMENT, JOHN DOE 1, JOHN DOE 2, JOHN DOE 3, and JOHN DOE 4, in their Official capacities as agents for the Chattanooga Police Department, | : : : : : : : | |
| Defendants. | : | |

# ANSWER OF CITY OF CHATTANOOGA AND CHATTANOOGA POLICE DEPARTMENT

COME the Defendants, City of Chattanooga, an entity as defined by the Tennessee Governmental Tort Liability Act at Tenn. Code Ann. §§ 29-20-101 *et seq.* (hereinafter, "City"), and Chattanooga Police Department, (collectively, "City Defendants") and for answer to the Complaint filed against them, would state as follows:

## FIRST DEFENSE

The Complaint fails to state a claim against City Defendants upon which relief may be granted.

## SECOND DEFENSE

For answer to the specific allegations contained in the Complaint, City Defendants would state as follows:

1. City Defendants admit the allegations in Paragraph 1 of the Complaint.

2. City Defendants admit, in part, and deny, in part the allegations contained in Paragraph 2 of the Complaint. More specifically, City Defendants admit that venue is proper, however to the extent that Paragraph 2 implies that the City Defendant engaged in conduct giving rise to this action, the same is denied.

3. City Defendants are without sufficient information or knowledge to admit or deny the allegations contained in Paragraph 3 of the Complaint. Therefore, for purposes of this Answer, the allegations are denied and strict proof is herein demanded.

4. City Defendants are without sufficient information or knowledge to admit or deny the allegations contained in Paragraph 4 of the Complaint. Therefore, for purposes of this Answer, the allegations are denied, and strict proof is herein demanded.

5. City Defendants admits the allegations contained in Paragraph 5 of the Complaint.

6. City Defendants are without sufficient information or knowledge to admit or deny the allegations contained in Paragraph 6 of the Complaint. Therefore, for purposes of this Answer, the allegations are denied, and strict proof is herein demanded.

7. City Defendants are without sufficient information or knowledge to admit or deny the allegations contained in Paragraph 7 of the Complaint. Therefore, for purposes of this Answer, the allegations are denied, and strict proof is herein demanded.

8. City Defendants are without sufficient information or knowledge to admit or deny the allegations contained in Paragraph 8 of the Complaint. Therefore, for purposes of this Answer, the allegations are denied, and strict proof is herein demanded.

9. City Defendants are without sufficient information or knowledge to admit or deny the allegations contained in Paragraph 9 of the Complaint. Therefore, for purposes of this Answer, the allegations are denied, and strict proof is herein demanded.

10. City Defendants admit, in part, and deny, in part, the allegations in Paragraph 10 of the Complaint. More specifically, City Defendants admit that the Police were called to the Decedent's home on March 19, 2021 but deny that Decedent was deny decedent was non-violent as alleged, and strict proof is herein demanded.

11. City Defendants are without sufficient information or knowledge to admit or deny the allegations contained in Paragraph 11 of the Complaint. Therefore, for purposes of this Answer, the allegations are denied, and strict proof is herein demanded.

12. City Defendants are without sufficient information or knowledge to admit or deny the allegations contained in Paragraph 12 of the Complaint. Therefore, for purposes of this Answer, the allegations are denied, and strict proof is herein demanded.

13. City Defendants are without sufficient information or knowledge to admit or deny the allegations contained in Paragraph 13 of the Complaint. Therefore, for purposes of this Answer, the allegations are denied, and strict proof is herein demanded.

14. City Defendants admit the allegations in Paragraph 14 of the Complaint.

15. City Defendants are without sufficient information or knowledge to admit or deny the allegations contained in Paragraph 15 of the Complaint. Therefore, for purposes of this Answer, the allegations are denied, and strict proof is herein demanded.

16. City Defendants state that "body cam" video and audio captures what was said and denies all allegations contained in Paragraph 16 inconsistent with such video and audio, and demands strict proof herein.

17. City Defendants state that "body cam" video and audio captures what was said and denies all allegations contained in Paragraph 17 inconsistent with such video and audio, and demands strict proof herein.

18. City Defendants state that "body cam" video and audio captures what was said and denies all allegations contained in Paragraph 18 of the Complaint, as such is inconsistent with said video and audio. City Defendants further deny any other allegations contained in Paragraph 18 and strict proof is herein demanded.

19. City Defendants are without sufficient information or knowledge to admit or deny the allegations contained in Paragraph 19. Therefore, for purposes of this Answer, the allegations are denied.

20. City Defendants admit the allegations contained in Paragraph 20 of the Complaint.

21. City Defendants deny the allegations contained in Paragraph 21 of the Complaint. City Defendants state that "body cam" video and audio captures what was said and denies all allegations contained in Paragraph 21 inconsistent with such video and audio, and strict proof is herein demanded.

22. City Defendants admit, in part, and deny, in part, the allegations contained in Paragraph 22 of the Complaint. More specifically, City Defendants admit that one Officer tased the Decedent, but deny the remainder of the allegations in the aforementioned Paragraph and demand strict proof thereof.

23. City Defendants admit that the decedent was initially contacted by the taser deployment and decedent is observed spinning and moving which caused the taser deployment to not effectively stop his actions. All remaining allegations contained in Paragraph 23 of the Complaint are denied and strict proof is herein demanded.

24. City Defendants are without sufficient information or knowledge to admit or deny the allegations contained in Paragraph 24 of the Complaint. It is admitted that one officer fired his service weapon after observing that the taser was ineffective and after perceiving an immediate

safety threat to himself and other officers from decedent's actions. City Defendants will establish that his use of a weapon at the time deadly force was used was necessary and proper. The remaining allegations in Paragraph 24 are denied and strict proof is demanded herein.

25. City Defendants admit the allegations contained in Paragraph 25 of the Complaint concerning a request for an ambulance by police officers at the scene, but deny the sequence in time of this allegation, and demands strict proof thereof.

26. City Defendants admit the allegations contained in Paragraph 26 of the Complaint concerning a request of the police officers for a K9 unit due to decedent's violent statements and actions, but deny the sequence in time of this allegation and strict proof is herein demanded.

27. For purposes of this Answer, the allegations contained in Paragraph 27 are denied and strict proof is demanded herein.

28. The allegations that the "situation quickly escalated" in Paragraph 28 of the Complaint are admitted based on the violent actions and statements of decedent after police officers responded to this dispatched request by Plaintiff. It is further admitted that the Decedent was shot a total of six (6) times during three volleys based on his threatening conduct which placed officers in fear of their own safety or the safety of others. For purposes of this Answer, all other allegations contained in Paragraph 28 are denied and strict proof is demanded herein.

29. The allegations contained in Paragraph 29 of the Complaint are admitted. .

## COUNT I

### DEPRIVATION OF CIVIL RIGHTS PURSUANT TO 42 U.S.C. § 1983

30. City Defendants incorporate by reference and restate their responses to allegations contained in Paragraphs 1-29 of the Complaint.

31. The allegations contained in Paragraph 31 of the Complaint are denied and strict proof is demanded herein.

32. The allegations contained in Paragraph 32 of the Complaint are denied, and strict proof is demanded herein.

City Defendants deny that Plaintiff is entitled to any of the remedies requested within Count I of the Complaint, and strict proof is herein demanded.

## COUNT II

## MUNICIPAL LIABILITY PURSUANT TO 42 U.S.C. § 1983

33. City Defendants incorporate by reference and restate their responses to allegations contained in Paragraphs 1-32 of the Complaint.

34. City Defendants deny the allegations contained in Paragraph 34 of the Complaint and strict proof is herein demanded.

35. City Defendants deny the allegations contained in Paragraph 35 of the Complaint and strict proof is herein demanded.

36. City Defendants Deny the allegations contained in Paragraph 36 of the Complaint and strict proof is herein demanded.

City Defendants deny that Plaintiff is entitled to any of the remedies requested within Count II of the Complaint and strict proof is herein demanded.

## COUNT III

## ASSAULT AND BATTERY

37. City Defendants incorporate by reference and restate their responses to allegations 1-36 of the Complaint.

38. City Defendants admit that one officer was required to utilize deadly force on the Decedent, Mykel Jenkins due to his immediate concern for his own safety or the safety of others in immediate danger from the Decedent. All other allegations contained in Paragraph 38 of the Complaint are denied and strict proof is herein demanded.

39. The allegations in Paragraph 39 of the Complaint are denied, and strict proof is herein demanded.

40. The allegations contained in Paragraph 40 of the Complaint are admitted.

41. The allegations contained in Paragraph 41are denied, and strict proof is herein demanded.

City Defendants deny that Plaintiff is entitled to any of the remedies requested within Count III of the Complaint and therefore strict proof is herein demanded.

## COUNT IV

### WRONGFUL DEATH PURSUANT TO TENN. CODE. ANN. § 20-5-106

42. City Defendants incorporate by reference and restate their responses to allegations contained in Paragraphs 1-41 of the Complaint.

43. City Defendants admit that one officer was required to utilize deadly force on the Decedent, Mykel Jenkins due to his immediate concern for his own safety or the safety of others in immediate danger from the Decedent. All other allegations contained in Paragraph 43 of the Complaint are denied and strict proof is herein demanded.

44. The allegations in Paragraph 44 of the Complaint are denied, and strict proof is herein demanded.

45. The allegations contained in Paragraph 45 of the Complaint are admitted.

46. The allegations contained in Paragraph 46 of the Complaint are denied and strict proof is herein demanded

City Defendants deny that Plaintiff is entitled to any of the remedies requested within Count IV of the Complaint, and therefore strict proof is herein demanded.

## COUNT V

## NEGLIGENCE

47. City Defendants incorporated by reference and restate their responses to the allegations contained in Paragraphs 1-46 of the Complaint.

48. Paragraph 48 of the Complaint states a legal conclusion which does not require a response. To the extend a response is required, the same is denied and strict proof is herein demanded.

49. City Defendants deny the allegations contained in Paragraph 49 of the Complaint and strict proof is herein demanded.

50. City Defendants deny the allegations contained in Paragraph 50 of the Complaint and strict proof is herein demanded.

City Defendants deny that Plaintiff is entitled to any of the remedies requested within Count V of the Complaint, and therefore strict proof is herein demanded.

## COUNT VI

## SURVIVAL ACT AS TO TENNESSEE AND COMMON LAW CLAIMS

51. City Defendants incorporate by reference and restate their responses to the allegations contained in Paragraphs 1-50 of the Complaint.

52. Paragraph 51 of the Complaint states a legal conclusion which does not require a response. To the extend a response is required, City Defendants deny the allegations contained in

Paragraph 52 of the Complaint that the Plaintiff has qualified as the proper representative of the Decedent's estate..

53. City Defendants are without sufficient information or knowledge to admit or deny the allegations contained in Paragraph 53 of the Complaint. Therefore, for purposes of this Answer, the allegations are denied, and strict proof is herein demanded.

City Defendants deny that Plaintiff is entitled to any of the remedies or damages under Tennessee Code Ann. §20-5-113 as requested within Count VI and strict proof is herein demanded.

## COUNT VII

### WRONGFUL DEATH ACT AS TO TENNESSEE AND COMMON LAW CLAIMS

54. City Defendants incorporate by reference and restate their responses to the allegations contained in Paragraphs 1-53 of the Complaint.

55. City Defendants are without sufficient information or knowledge to admit or deny the allegations contained in Paragraph 55 of the Complaint. Therefore, for purposes of this Answer, the allegations are denied, and strict proof is herein demanded.

City Defendants deny that Plaintiff is entitled to any of the remedies requested within Count VII of the Complaint, and therefore strict proof is herein demanded.

## THIRD DEFENSE

City Defendants specifically assert all defenses applicable to them under the Tennessee Governmental Tort Liability Act ("TGTLA"), T.C.A. §§ 29-20-101 *et seq.*, and incorporate by reference herein all defenses specified therein. In particular, these Defendants rely upon the following provisions:

A. T.C.A. § 29-20-205 sets out nine (9) specific exceptions from liability where negligent acts or omissions of any employee occur within the scope of employment, including, but not limited to:

i. T.C.A. § 29-20-205(1): The exercise or performance or the failure to exercise or perform a discretionary function, whether or not the discretion is abused.

ii. T.C.A. § 29-20-205(2): False imprisonment pursuant to a mittimus from a court, false arrest, malicious prosecution, intentional trespass, abuse of process, libel, slander, deceit, interference with contract rights, infliction of mental anguish, invasion of right of privacy, or civil rights.

iii. T.C.A. § 29-20-205(5): The institution or prosecution of any judicial or administrative proceeding, even if malicious or without probable cause.

iv. T.C.A. § 29-20-205(6): Misrepresentation by an employee whether or not such is negligent or intentional.

B. T.C.A. § 29-20-307 provides for the right to trial without a jury; and

C. T.C.A. § 29-20-403 limits any liability of governmental entities to the statutory limits of liability applicable as of the date of the incident giving rise to this action.

## FOURTH DEFENSE

City Defendants deny that any of the City Defendants violated the Plaintiff's constitutional rights or that the City or any of its employees violated the Fourth Amendment to the United States Constitution, 42 U.S.C. §§ 1983 or 1985 in any actions taken toward the Plaintiff.

## FIFTH DEFENSE

The City asserts that immunity is preserved for governmental entities unless a specific exception under the TGTLA removes immunity. *See Kirby v. Macon County*, 892 S.W.2d 403 (Tenn. 1994).

## SIXTH DEFENSE

The individual City Defendants will establish that they are immune from liability and are not proper parties under the TGTLA or otherwise under Tennessee law for any act or omission for which the immunity of the governmental entity is removed by the TGTLA.

## SEVENTH DEFENSE

All City Defendants deny that any claim by the Plaintiff has occurred as a result of any unconstitutional policy, custom or practice adopted by any official policymaker of the City. The City would assert that it is entitled to sovereign immunity from any liability based upon certain intentional torts and/or any negligence claims of its employees based upon the specific torts enumerated within T.C.A. § 29-20-205 (2).

## EIGHTH DEFENSE

All City Defendants would show that no actions any other officer occurred as a result of any unconstitutional policy, custom, or practice adopted by the City.

## NINTH DEFENSE

The City states that it cannot be held liable for any damages asserted by the Plaintiff claimed on the grounds that any alleged injuries sustained by the Plaintiff or Decedent were not proximately caused by or directly related to any unconstitutional policy, custom or practice of the City. City would further specifically assert that it cannot be held liable for the actions of its employees under 42 U.S.C. § 1983 on the basis of *respondeat superior*. City would assert that

police officers' actions were objectively reasonable based upon the facts known to them at the time and that they did not violate Decedent's or Plaintiff's constitutional rights. Moreover, none of the actions of the police officers, in their official capacity, violated any statutory or common laws of the state of Tennessee.

**TENTH DEFENSE**

The City would assert that no claim may be brought against any of its employees or judgment entered against its employees for any injury proximately caused by a negligent act or omission of an employee within the scope of employee's employment in any amount in excess of the limits established for governmental entities at T.C.A. § 29-20-403 pursuant to the provisions of T.C.A. § 29-20-310(c).

**ELEVENTH DEFENSE**

The City will show that it was not deliberately indifferent to Plaintiff or other citizens in providing any training or supervision of its officers prior to this incident.

**TWELFTH DEFENSE**

City Defendants would submit that they cannot be subject to punitive damages in this case as a matter of law and that any punitive damages claimed against any of the officers in their individual capacities is not supported by the facts.

**THIRTEENTH DEFENSE**

The City will establish that it properly trained and supervised its employees above and beyond the standards required under Tennessee law based upon clear actions of its policymakers prior to March 19, 2021. The City will establish that there was no negligent training or supervision of its officers on or before March 19, 2021, which proximately caused any injury or damages to the Plaintiff.

## FOURTEENTH DEFENSE

Defendant, Chattanooga Police Department, is not a proper party to this lawsuit. *Moore v. Chattanooga Police Dep't*, 2008 U.S. Dist. LEXIS 73939, at *9, 2008 WL 3896114 (E.D. Tenn. Aug. 19, 2008) ("The Chattanooga Police Department is not a municipality but is merely a municipal agency or department of the City of Chattanooga rather than a separate legal entity." (Citations omitted)) *See also Matthews v. Jones*, 35 F. 3d 1046, 1049 (6th Cir. 1994) (noting that the police department is not an entity that can be sued); *Damron v. Pfannes*, 785 F. Supp. 644, 646 (E.D. Mich. 1992) (stating that a municipal police department is not a legal entity separate from its parent city). Because the Chattanooga Police Department is not an entity subject to suit, all claims against it should be dismissed.

## FIFTEENTH DEFENSE

The individual Defendants submit that they enjoy qualified immunity as police officers of the City as they were acting pursuant to duly enacted laws of the city and the State of Tennessee.

## SIXTEENTH DEFENSE

City Defendants will show that there is no proximate causation between any alleged injury of Plaintiffs and any alleged act of any City Defendants.

## SEVENTEENTH DEFENSE

These Defendants reserve the right to assert any additional defenses which their investigation or discovery reveals may apply to bar in whole or in part any of Plaintiff's claims.

## EIGHTEENTH DEFENSE

City Defendants submits that claims of common law negligence are included in and covered by the TGTLA. *See, e.g., Collier v. Memphis Light, Gas, & Water Div.,* 657 S.W.2d 771, 776 (Tenn. Ct. App. 1983). City further asserts that immunity is preserved for governmental

entities unless a specific exception under the TGTLA removes immunity. *See Kirby v. Macon County,* 892 S.W. 2d 403 (Tenn. 1994).

## NINETEENTH DEFENSE

City denies that Defendants deprived Mykel Jenkins, or Plaintiff, of any of their constitutional rights or that Defendants or any other police officer in any way violated 42 U.S.C. §§1983 or 1988, the United States Constitution, the Tennessee Constitution or statutory or common laws of the State of Tennessee as a result of any actions taken against Decedent.

## TWENTIETH DEFENSE

The doctrine of comparative negligence applies in this action as to Plaintiff's actions of negligence as Mykel Jenkins was negligent in that he failed to exercise ordinary care for his own safety and said negligence by decedent exceeds the negligence, if any, which can be attributed to Defendants in that Chattanooga Police Department officers, including the individual Defendants on multiple occasions lawfully ordered Decedent to drop his weapon, yet Mr. Jenkins refused to do so and continued to threaten the Defendant police officers, and other Chattanooga Police Department officers with the deadly weapons that held on the scene.

## TWENTY FIRST DEFENSE

The sole proximate cause of the damages of which Plaintiff alleges is Decedent's own negligence as he failed to exercise ordinary care for his own safety; consequently, none of the Plaintiffs may recover in this action because any negligent acts or omissions of Defendants were not the proximate cause of Decedent's injuries.

## TWENTY SECOND DEFENSE

City Defendants would submit that the decision to use deadly force on the Decedent, Mykel Jenkins, was justified, provoked and proportionate with the risk of injury to the officers and others

at the scene. These Defendants submit that the actions of Defendant police officers were within constitutional limits of the Fourth and Fourteenth Amendments of the United States Constitution.

## TWENTY THIRD DEFENSE

City Defendants would submit that the Chattanooga Police Department did not knowingly permit, encourage or tolerate any unconstitutional pattern, practice, or custom of its police officers to violate the constitutional rights of the public at large. These Defendants will establish that the Chattanooga Police Department adequately trains and educates its officers in the use of force and deadly force. City Defendants will establish that the Chattanooga Police Department adequately monitors, supervises, and evaluates the performance of its officers in the use of deadly force applications. These Defendants will further establish that the Chattanooga Police Department does not have a policy, practice or custom of allowing its officers to use deadly, excessive, and/or unreasonable force without fear of discipline or that such behavior is accepted, condoned, tolerated, acquiesced, approved or ratified.

## TWENTY FOURTH DEFENSE

The Individual Defendants submit that there has been insufficient service of process on John Doe(s) 1-4 as the Summons and Complaint were not properly served as provided by law.

## TWENTY FIFTH DEFENSE

The Individual Defendants submit that the Court lacks personal jurisdiction of John Doe(s) 1-4 as there has been an insufficiency in service of process.

WHEREFORE, having fully answered, the Defendants pray that this cause filed against them be dismissed and that they be allowed to recover reasonable costs and attorney fees pursuant to 42 U.S.C. §1988 and/or T.C. A. §29-20-113.

Respectfully submitted,

CITY OF CHATTANOOGA, TENNESSEE
OFFICE OF THE CITY ATTORNEY


By: s/ Phillip A. Noblett
    PHILLIP A. NOBLETT – BPR #10074
    *Deputy City Attorney*
    J. TAYLOR THOMAS – BPR #36278
    *Assistant City Attorneys*
    100 East 11th Street, Suite 200
    Chattanooga, Tennessee 37402
    (423) 643-8250 - Telephone
    (423) 643-8255 - Fax

    *Attorneys for Defendant, City of Chattanooga*

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing pleading was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. All other parties will be served by regular U.S. mail. Parties may access this filing through the Court's electronic filing system.

Robert Davis
DAVIS, KESSLER & DAVIS
433 Cherokee Boulevard
Chattanooga, TN  37405

This 14th day of April, 2022.

                                                          s/     Phillip A. Noblett
                                        PHILLIP A. NOBLETT

City of Chattanooga, Tennessee
Office of the City Attorney
100 E. 11th Street, Suite 200
Chattanooga, Tennessee 37402
(423) 643-8250
pnoblett@chattanooga.gov