UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | | |
|---|---|---|
| ISABEL TERESA FERNANDEZ JENKINS, as Next of kin of MYKEL D. JENKINS (Deceased), | : : : | |
| Plaintiff, | : : | |
| vs. | : : | Civil Action No. 1:22-cv-69 |
| CITY OF CHATTANOOGA, CHATTANOOGA POLICE DEPARTMENT, JOHN DOE 1, JOHN DOE 2, JOHN DOE 3, and JOHN DOE 4, in their Official capacities as agents for the Chattanooga Police Department, | : : : : : : | |
| Defendants. | : : | |

# REPORT OF PARTIES' PLANNING MEETING AND DISCOVERY PLAN

Pursuant to the Federal Rules of Civil Procedure 26(f) and this Court's Order dated April 18, 2022 (Doc. 9), the parties held a meeting on May 12, 2022, which was attended by Phillip A. Noblett and J. Taylor Thomas for Defendants, City of Chattanooga, Chattanooga Police Department, and John Does 1 – 4, in their official capacities only, and Attorney Robert Davis for the Plaintiff, Isabel Teresa Fernandez Jenkins, as Next of kin of Mykel D. Jenkins (Deceased). These parties jointly propose to the Court the following discovery plan:

1. The initial disclosures required by Rule 26(a) (1) will be exchanged by May 27, 2022.

2. The parties at this time anticipate discovery will be needed generally on the subjects of liability and damages. The general claims of Plaintiffs involve allegations of exessive
1

use of force in the shooting of the decedent, Mykel Jenkins under 42 U.S.C. § 1983, any municipal liability under 42 U.S.C. § 1983, assault and battery under Tennessee law, wrongful death under Tenn. Code Ann. § 20-5-106, negligence under Tennessee law, requests for compensatory and punitive damages, and Plaintiffs have demanded a jury trial in this case. Defendants have denied any improper use of force by police officers who came in contact with the decedent based on audio and video evidence which establishes the actions that occurred before the use of deadly force occurred in this incident. It will be established that decedent engaged in violent actions and that he was shot a total of six (6) times during three volleys based on his threatening conduct which placed officers in fear of their own safety or the safety of others. Defendants have denied any deprivation of civil rights pursuant to 42 U.S.C. § 1983, or any municipal liability pursuant to 42 U.S.C. § 1983, as well as denying that Plaintiff is entitled to recovery under Tennessee law for assault and battery, or wrongful death pursuant to Tenn. Code Ann. § 20-5-106 or otherwise. City Defendants have denied that there is any liability for constitutional violations and that its employees are immune from liability for certain acts under Tennessee law, including negligence or other common law claims due to this incident. Discovery should be completed in the time and manner as set forth in the Court's Scheduling Order and the parties certify that this case can be ready for trial not later than eighteen (18) months from the date of this report.

3. The parties do not anticipate any disputed issues about disclosure or discovery of electronically stored information, including the form or forms in which it should be produced.

4. It is anticipated that one or more parties will assert that some information may be privileged and/or confidential; however, the parties do not anticipate any irresolvable issues regarding claims of privilege and/or confidentiality. Should the parties agree on a procedure to

assert claims of privilege or protection during discovery, the Court will be asked to include the parties' agreement in an order. If the parties cannot agree on a procedure to assert claims of privilege and/or protection during discovery, they will request the Court to resolve any dispute related to privilege and/or protection.

   5.  In order to facilitate discovery, the parties agree to the following clawback provisions:

    (a)  The parties seek the entry of a court order regarding the consequences of disclosing privileged or work product protected information in this case.

    (b)  The parties will use their best efforts to avoid disclosing privileged and work-product related information in this case. Nonetheless, because of the time constraints of discovery in this case and the volume of information to be reviewed by each party, all parties are concerned that they may disclose a privileged or work-product protected document without intending to waive privilege or protection.

    (c)  When a lawyer receives a document that the receiving lawyer knows or reasonably should know is attorney-client privileged or work-product protected, the receiving lawyer:

     (i)  shall not read the document further than reasonably necessary to determine it is privileged or work-product protected and shall not disseminate the document (or information about its contents) to anyone other than a supervising lawyer and/or disinterested lawyer consulted to secure legal advice about the receiving lawyer's compliance with this rule; and

(ii) shall promptly notify the sending lawyer; and

(iii) shall retrieve and sequester the document (including duplicates and information about the document's contents); and

(iv) other than as permitted in subsection (e), shall follow the sending lawyer's instructions regarding returning, deleting, or destroying the document (including duplicates) and deleting or destroying any information about the document's content.

(d) A receiving lawyer is also required to follow the requirements of subsections (c)(iii)-(iv) if a sending attorney notifies the receiving lawyer that an identified document is privileged or work-product protected. The receiving lawyer shall not read the document or disseminate the document or information about its contents after receiving notice from sending counsel.

(e) The receiving lawyer may maintain under seal a copy of the document that may be submitted to the court in which the matter is pending for a waiver ruling no later than thirty (30) days after receiving the sending lawyer's subsection (c)(iv) instructions. In any such proceeding, the receiving lawyer shall not refer to the contents of the document in any brief or in argument before the court. The receiving lawyer shall not retain any copy of the sealed document in his or her files and shall destroy the sealed document if it is not submitted to the court within thirty (30) days.

(f) If the receiving attorney asks the court to determine the disclosure results in waiver, the court will presume that disclosure did not waive the

privilege or work-product protection unless the sending attorney expressed in writing the intent to waive the privilege or work-product protection with the disclosure. If the court finds no waiver, the receiving party will pay the sending party's attorney's fees and costs related to responding to the waiver motion.

5. The parties do not anticipate that any changes will be needed to the limitations on discovery imposed under the *Federal Rules of Civil Procedure* or by the local rules.

6. Each deposition is limited to a maximum of seven (7) hours unless extending by agreement of the parties.

7. The parties do not anticipate that there will be a need for any orders under Rule 26(c) or under Rule 16(b) and (c) other than the Court's Scheduling Order unless there is some inadvertent disclosure of privileged or trial preparation materials.

8. The parties believe that prospect for settlement is unknown at this time.

9. The parties anticipate the length of trial to be four to five (4 to 5) days and the parties do not consent to the exercise of jurisdiction by a magistrate judge for trial.

Dated this 3rd day of June, 2022.

Respectfully submitted,

OFFICE OF THE CITY ATTORNEY
CITY OF CHATTANOOGA, TENNESSEE

By:\_\_\_s/ Phillip A. Noblett_____
 PHILLIP A. NOBLETT - BPR #10074
 *Deputy City Attorney*
 J. Taylor Thomas - BPR # 36278
 *Assistant City Attorney*
 100 E. 11th Street, Suite 200
 Chattanooga, TN 37402
 (423) 643-8250 - Telephone
 (423) 643-8255 - Facsimile

5

DAVIS, KESSLER & DAVIS


By: s/Robert F. Davis
 ROBERT DAVIS  - BPR # 30129
 ROGER D. LAYNE – BPR #33873
 433 Cherokee Boulevard
 Chattanooga, TN  37405
 (423) 267-7000 – Telephone
 (423) 717-5488 - Facsimile