UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | |
|---|---|
| ISABEL TERESA FERNANDEZ JENKINS, as Next of kin of MYKEL D. JENKINS (Deceased), | : : : |
| Plaintiff, | : : |
| vs. | : Civil Action No. 1:22-cv-69 : |
| CITY OF CHATTANOOGA, CHATTANOOGA POLICE DEPARTMENT, JOHN DOE 1, JOHN DOE 2, JOHN DOE 3, and JOHN DOE 4, in their Official capacities as agents for the Chattanooga Police Department, | : : : : : : |
| Defendants. | : : |

## DEFENDANT CITY OF CHATTANOOGA AND CHATTANOOGA POLICE DEPARTMENT'S MOTION FOR PROTECTIVE ORDER

COMES NOW, the Defendants City of Chattanooga and Chattanooga Police Department, hereinafter, "City Defendants," by and through its attorney's of record pursuant to *Federal Rule of Civil Procedure 26(b)(2)(c),* and respectfully moves this Court to enter a Protective Order limiting the scope of the Responses to the Request for Interrogatories and Request for Production of Documents propounded by the Plaintiff to the City Defendants. In support of this Motion, City Defendants would state the following:

1. On June 28, 2022, Plaintiff sent their First Set of Interrogatories and Request for Production of Documents, hereinafter, "Discovery." The Plaintiff issued fifteen (15) Requests for Interrogatories and twenty-eight Requests for Production of Documents.

2. The Discovery was received by City Defendants on or about June 29, 2022.

3. Five of the fifteen Interrogatory requests propounded by Plaintiff are objected to by the City as overly broad, unduly burdensome, unreasonable in scope and span. More specifically, the following Discovery Requests are overly broad, unduly burdensome, and unreasonable in scope and span:

   a. Interrogatory No. 9- How many arrests have officers of the Chattanooga Police Department made in the last ten years that involved the use of deadly weapons; does the Chattanooga Police Department require the completion of aa use of force report every time an officer uses a deadly weapon; if the Chattanooga Police Department does not require the completion of a use of force report every time an officer uses a deadly weapon, does it document or track that information in any other way; and if use of force or similar reports are created, where and in what form are they stored and maintained?

      i. City Defendants would state that Interrogatory No. 9 is overly broad and not reasonably limited to scope and span. City Defendants would further state that there are thousands of records that would have to be reviewed by City staff outside the City Attorney's office be in response to this interrogatory. This request needs to be limited in scope based on the extent of electronic tracking of such information which may be available to the City for documentation of deadly weapons on use of force reports.

   b. Interrogatory No. 10- How many disorderly conduct arrests have officers of the Chattanooga Police Department made in the last ten years; of those how many involved the subject shouting insults, rude remarks, obscenities, or swearing at police officers, or protesting police action; of those that involved the subject

shouting insults, rude remarks, obscenities, or swearing at police officers, or protesting police action, how many resulted in dismissal of the charges and how many resulted in convictions for disorderly conduct; and where and in what form are disorderly conduct arrest reports stored and maintained?

    i. City Defendants would state that Interrogatory No. 10 is overly broad and not reasonably limited to scope and time span. City Defendants would further state that there are thousands of arrest reports that would have to be reviewed by City staff outside the City Attorney's office be in response to this interrogatory. This request needs to be limited in scope based on the extent of electronic tracking of such information which may be available to the City for documentation of disorderly conduct arrests which do not always contain documentation of the subject shouting insults, rude remarks, obscenities, or swearing at police officers, or protesting police action; of those that involved the subject shouting insults, rude remarks, obscenities, or swearing at police officers, or protesting police action.

c. Interrogatory No. 11- How many misdemeanor arrests have officers of the Chattanooga Police Department made in the last ten years; of those how many involved the subject being charged with resisting arrest and/or assault on a police officer [or their equivalents understate law]; of those in which the subject was charged with resisting arrest and assault on a police officer [or their equivalents under state law], how many resulted in dismissal of the charges and how many resulted in convictions for resisting arrest and/or assault on a police officer, and where and in what form are misdemeanor arrest reports stored and maintained?

i. City Defendants would state that Interrogatory No. 11 is overly broad and not reasonably limited to scope and time span. City Defendants would further state that there are thousands of misdemeanor arrest reports that would have to be reviewed by City staff outside the City Attorney's office be in response to this interrogatory. This request needs to be limited in scope based on the extent of electronic tracking of such information which may be available to the City for documentation of resisting arrest and/or assault on a police officer arrests which further require documentation of dismissals and convictions that are not maintained in City records.

d. Interrogatory No. 12- Of the arrests that officers of the Chattanooga Police Department made that included charges for assaulting a police officer [or its equivalent under state law], how many required or resulted in the subject receiving medical attention; and how many required or resulted in the arresting officer receiving medical attention; where and in what form are the arrest or injury reports stored and maintained?

   i. City Defendants would state that Interrogatory No. 12 is overly broad and not reasonably limited to scope and time span. City Defendants would further state that this interrogatory is unduly burdensome as written. City Defendants would further state that there are thousands of arrest reports that would have to be reviewed by City staff outside the City Attorney's office for the past ten years be in response to this interrogatory. This request needs to be limited in scope based on the extent of electronic tracking of such information which may be available to the City for documentation of

information concerning receipt of medical attention by a person arrested or by the arresting officers which further require documentation of medical records that are not maintained in City records.

e. Interrogatory No. 13- List all reports, records, files, documents, electronically stored data and things that are created in connection with an arrest that involves personal injury to the arrestee, including but not limited to dispatch and other communications recordings; arrest, prosecution, incident, use of service weapon, injury, evidence, weapons examination and testing, property, and supervisors' and sift commanders' reports; audio, video, and surveillance tapes; notes, witness statements; measurements; diagrams; emails; text messages; press releases; summaries; recommendations; and conclusions; and where and in what form this information is stored and maintained.

> i. City Defendants would state that Interrogatory No. 13 is overly broad and not reasonably limited to scope and span. City Defendants would further state that there are thousands of records that would have to be produced in response to this interrogatory unless it is limited by the Court in connection with any arrest that involves personal injury to any arrestee including but not limited to dispatch and other communications recordings; arrest, prosecution, incident, use of service weapon, injury, evidence, weapons examination and testing, property, and supervisors' and sift commanders' reports; audio, video, and surveillance tapes; notes, witness statements; measurements; diagrams; emails; text messages; press releases; summaries;

recommendations; and conclusions. Therefore, it would be unduly burdensome for the City Defendants to answer this interrogatory as written.

4. Seven of the twenty eight Requests for Production of Documents propounded by Plaintiff are objected to by the City as overly broad, unduly burdensome, unreasonable in scope and span. More specifically, the following Discovery Requests are overly broad, unduly burdensome, and unreasonable in scope and span:

   a. Request No. 9- All the citizen complaint files about every officer employed by the Chattanooga Police Department for the past ten years, as more fully described in Interrogatory No. 7.

      i. City Defendants would state that Request No. 9 is overly broad and not reasonably calculated to lead to discoverable information. Further, requesting documentation regarding every citizen complaint file about every Chattanooga Police Department Officer who has worked for the department during the past ten years would be unduly burdensome and produce voluminous records. There are certain Internal Affairs records maintained on police officers as required by Tennessee law but City Defendants would incur unnecessary expenses in attempting to comply with the Request as written which would include all current and any officers who have left this department during the past ten years.

   b. Request No. 12- All the internal investigation files about every officer employed by the Chattanooga Police Department for the past ten years, as more fully described in Interrogatory No. 8.

c. City Defendants would state that Request No. 12 is overly broad and not reasonably calculated to lead to discoverable information. There are certain Internal Affairs records maintained on police officers as required by Tennessee law but City Defendants would incur unnecessary expenses in attempting to comply with the Request as written which would include all current and any officers who have left this department during the past ten years. These documents are not relevant to the Plaintiff's claims or proportional to the needs of this case and the burden or expense of the proposed discovery outweighs its likely benefit unless it is limited to Officers who are named or potentially named parties in this lawsuit.

d. Request No. 14- All arrest and use of force reports by Defendant Officer John Doe 1-4 that involved use of a take-down procedure and or shooting, or if those reports do not separately identify the use of a take-down procedure or shooting, then all arrest and use of force reports by Defendant Officer John Doe 1-4, as more fully described in Interrogatory No. 9.

   i. City Defendants would state that without identification of Officers John Doe 1-4, they cannot adequately respond until the officers are identified. City Defendants would further submit that this request is overly broad and unduly burdensome and needs to be limited in scope and span.

e. Request No. 15- All arrest and use of force reports by every officer employed by the Chattanooga Police Department for the past ten years that involved use of a take-down procedure, or if those reports do not separately identify the use of a take down procedure, then all arrest and use of force reports by every officer employed

by the Defendant for the past ten years, as more fully described in Interrogatory No. 9.

> i. City Defendants would state that Request No. 15 is overly broad and not reasonably calculated to lead to discoverable information. Further, requesting documentation regarding every citizen complaint file about every Chattanooga Police Department Officer employed in the department during the past ten years would be unduly burdensome and produce voluminous records. City Defendants would also incur unnecessary expense in attempting to comply with the Request as written if such documents could be produced.

f. Request No. 18- All disorderly conduct arrest reports for every officer employed by the Chattanooga Police Department for the past ten years and the disposition of those charges, as more fully described in Interrogatory No. 10.

> i. City Defendants would state that Request No. 18 is overly broad and not reasonably calculated to lead to discoverable information. Further, requesting documentation regarding every disorderly conduct arrest report about every Chattanooga Police Department Officer for the past ten years would be unduly burdensome and produce voluminous records. City Defendants would also incur unnecessary expense in attempting to comply with the Request as written.

g. Request No. 20- All misdemeanor incident, arrest, or prosecution reports for Defendant Officer [Name] that involved charges of resisting arrest and/or assault

on a police officer [or their equivalents under state law], and the disposition of those charges, as more fully described in Interrogatory No. 11.

    i. City Defendants would state that without identification of the Officer, they cannot adequately respond to the Request. City Defendants would further submit that the request is overly broad and unduly burdensome. City Defendants would further state that this interrogatory is unduly burdensome as written. City Defendants would further state that there are thousands of incident, arrest, and/or prosecution reports for every officer who has worked for the City during the past ten years that would have to be reviewed by City staff outside the City Attorney's in response to this interrogatory. This request needs to be limited in scope based on the extent of electronic tracking of such information which may be available to the City for documentation of information concerning receipt of prosecution reports that are not maintained in City records.

h. Request No. 21- All misdemeanor incident, arrest, or prosecution reports for every officer employed by the Chattanooga Police Department that involved charges for resisting arrest and/or assault on a police officer [or their equivalents under state law], and the disposition of those charges, as more fully described in Interrogatory No. 11.

    i. City Defendants would state that this request is not reasonable in scope and span. It would be extremely burdensome, onerous, and costly to produce all misdemeanor arrests that involved resisting arrest and/or assault on a police officer. Further, this Request is not reasonably calculated to lead to

discoverable information, therefore falls outside of the scope of discovery. City Defendants would further state that there are thousands of incident, arrest, and/or prosecution reports for every officer who has worked for the City during the past ten years that would have to be reviewed by City staff outside the City Attorney's in response to this interrogatory. This request needs to be limited in scope based on the extent of electronic tracking of such information which may be available to the City for documentation of information concerning receipt of prosecution reports that are not maintained in City records.

5. According to Federal Rules of Procedure 26(b)(1), "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit."

6. Applying the rule to the set of facts in this matter, much of what the Plaintiff is requesting in her Discovery is not relevant to the claims and defenses raised in her lawsuit or the answer. Additionally, these requests are not proportionate to the needs of the case.

7. City Defendants would submit that a Protective Order is necessary to protect the City Defendants from oppressive, undue burden, and significant expense in responding to Plaintiff's Discovery.

8. "The Court may issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense when justice requires." *HLFIP*

*Holdings, Inc. v. Rutherford Cty.,* 2020 U.S. Dist. LEXIS 213091. Further, "[t]he Sixth Circuit has observed that the desire to allow broad discovery is not without limits and the trial court is given wide discretion in balancing the needs and rights of both plaintiff and defendant." *Id.* (citing *Surles v. Greyhound Lines, Inc.,* 474 F.3d 288, 305 (6th Cir. 2007).

9. Document production in this case will require extensive review and electronic searches for confidential information and redaction on a great number of cases beyond this litigation matter due to the vast scope of these requests. Discovery will further require the entry of a protective order to consider how production should be provided and confidential information should be limited by constraints on counsel for disclosure in public statements pending trial as required by Local Rule 83.2.

10. The vast over breadth of Plaintiff's discovery requests is further exacerbated due to the large numbers of arrests made by the Chattanooga Police Department officers every day. For example, after an initial review of the discovery requests, the responses to Interrogatories Numbers 10 and 11 exceeded forty thousand (40,000) responses. See attached Exhibit 1. Several requests for production of documents are predicated on the responses to Interrogatories numbers 10 and 11. It is unreasonable to expect City Defendants to respond to these overly broad and clearly burdensome requests as written.

11. "If the burden or expense of the proposed discovery outweighs its likely benefit, the court may limit such discovery." *Zielke v. Vision Hosp. Grp., Inc.,* No. 1:14-CV-362-SKL, 2015 U.S. Dist. LEXIS 175446 (E.D. Tenn. Nov. 3, 2015).

12. Additionally, "[t]he Sixth Circuit has held that although a plaintiff should not be denied access to information necessary to establish her claim, neither may a plaintiff be permitted to go fishing, and a trial court retains discretion to determine that a discovery request is too

broad and oppressive." *In re Heparin Prods. Liab. Litig.*, 273 F.R.D. 399 (N.D. Ohio 2011) (citing *Surles ex rel. Johnson v. Greyhound Lines, Inc.,* 474 F.3d 288, 305 (6th Cir. 2007).

13. All of the above identified and objected Interrogatories and Requests for Production of Documents amount to fishing on behalf of the Plaintiff.

14. City Defendants would further request that any additional discovery on other matters which are objected to as overly burdensome be had only on specified terms and conditions designated by this Honorable Court, including a designation of the time and place where such discovery may be reviewed.

15. For the reasons specified herein, City Defendants would respectfully request a protective order to be entered by this Court pursuant to *Rule 26 (b)* of *the Federal Rules of Civil Procedure* limiting the scope of the discovery propounded by Plaintiff.

WHEREFORE PREMISES CONSIDERED, City Defendants prays that this Honorable Court enter a protective order limiting the Plaintiff's Discovery as requested.

Respectfully submitted,

CITY OF CHATTANOOGA, TENNESSEE
OFFICE OF THE CITY ATTORNEY

By: s/ Phillip A. Noblett
PHILLIP A. NOBLETT – BPR #10074
*Deputy City Attorney*
KATHRYN C. MCDONALD – BPR #30950
J. TAYLOR THOMAS – BPR #36278
*Assistant City Attorneys*
100 East 11th Street, Suite 200
Chattanooga, Tennessee 37402
(423) 643-8250 - Telephone
(423) 643-8255 - Fax

*Attorneys for Defendant, City of Chattanooga*

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing pleading was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. All other parties will be served by regular U.S. mail. Parties may access this filing through the Court's electronic filing system.

Robert Davis
DAVIS, KESSLER & DAVIS
433 Cherokee Boulevard
Chattanooga, TN 37405

This 22nd day of July, 2022.

                                                          s/      Phillip A. Noblett
                                                    PHILLIP A. NOBLETT

City of Chattanooga, Tennessee
Office of the City Attorney
100 E. 11th Street, Suite 200
Chattanooga, Tennessee 37402
(423) 643-8250
pnoblett@chattanooga.gov