IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF TENNESSEE
CHATTANOOGA DIVISION

| | |
|---|---|
| ISABEL TERESA FERNANDEZ JENKINS )<br>as next of kin of MYKEL D. JENKINS )<br>(Deceased), )<br>                                              )<br>    Plaintiff, )<br>                                              )<br>V. )<br>                                              )<br>CITY OF CHATTANOOGA, )<br>CHATTANOOGA POLICE DEPARTMENT, )<br>JOHN DOE 1, JOHN DOE 2, JOHN DOE 3 )<br>JOHN DOE 4 In their official capacities as )<br>agents for the Chattanooga Police Department )<br>and in their individual capacity )<br>                                              )<br>    Defendants. ) | NO: 1:22-CV-00069-DCLC-CHS |

**RESPONSE IN OPPOSITION TO DEFENDANT'S
MOTION FOR PROTECTIVE ORDER**

Comes now the Plaintiff, by and through counsel and hereby submits its Response in Opposition to Defendant's Motion for Protective Order and as grounds thereof states as follows

**FACTS**

1. On March 19, 2021, in the early morning hours, the Decedent was having a non-violent mental episode at his residence located 3624 Premium Drive, Chattanooga TN 37415.

2. Concerned for her son, the Decedent's mother called the Chattanooga Police Non-Emergency number for help.

3. Four Officers arrived at the Decedent's home and found Decedent sitting in his bedroom.

4. The officers told the Decedent's mother "not to worry, we're not here to take him to jail. We're taking him to the hospital."

5. Police officers and Decedent's mother observe Decedent walking about the house between rooms.

6. Officers "started in" on Decedent. Decedent jumped on the bed. Officers tased him, causing him to fall on the floor in front of the bed.

7. The Decedent was knocked out from the taser, then wakes up agitated and moves towards a police officer.

8. The Decedent was alive and non-aggressive when ambulance and K9 unit arrived at the home, but the situation quickly escalated, resulting in the Decedent being shot a total of six times.

9. The Decedent was transported via ambulance and pronounced dead later in the day on March 19, 2021.

## RELEVANT LAW

Under the Federal Rules of Civil Procedure, any party to the action is entitled to request discovery regarding any non-privileged matter that is relevant to any party's claim or defense so long as it is within a scope that is proportional to the needs of the case and not unduly burdensome. Fed. R. Civ. P. 26(b)(1). The proportionality of the scope of the discovery requests is assessed by considering relevant factors such as the parties relative access to the requested relevant information, the importance of the discovery in resolving the issues at stake, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

Plaintiff's are asserting claims for both Deprivation of Civil Rights and Municipal Liability under 42 U.S.C. §1983 as well as several other state law and common law claims. In the decision in *Monell v. Department of Social Services*, 436 U.S. 658 (1978), the Supreme Court held that a municipality will only be liable under §1983 where "the action that is alleged to be unconstitutional implements or executes a policy statement, ordinance, regulation, or decision officially adopted and promulgated by that body's officers." Monell, 436 U.S. at 690.

## ARGUMENT

Defendant seeks to limit the scope and span of five of fifteen Interrogatory requests as well as seven of twenty-eight Requests for Production of Documents that were propounded by Plaintiff. Defendant's are seeking to limit the scope to the extent of electronic tracking of such information which may be available to the City for documentation of such matters. Defendants take the position that these requests are overly broad, unduly burdensome, and unreasonable in scope and span. This position is contrary to the Federal Rules of Civil Procedure.

Plaintiffs are not seeking any discovery on any privileged matter and each of the requests propounded by the Plaintiff are reasonably calculated to lead to the discovery of admissible evidence relevant to this claim. In accordance with the Federal Rules of Civil Procedure, the scope of Plaintiff's discovery requests are proportional to the needs of the case and should not be limited in scope or span due to Defendant's allegations of undue burden and overbreadth. Looking to the relevant factors for determining the proportionality of the scope of discovery, Plaintiff takes the position that due to the importance of the requested discovery documents in resolving the issues at stake, the Plaintiff's practical lack of access to any of the relevant information as compared to the Defendant's, and the likely benefit of the information, if

provided, outweighing any burden it may place on the Defendant to produce, the scope of the discovery should not be limited.

Plaintiff is asserting that the City of Chattanooga at all relevant times has maintained a policy, custom, or practice of deliberate indifference to the hiring, training, supervision or discipline of the police officers knowing that those police officers would come into contact with the citizens who were unarmed or otherwise posed no imminent threat to them. In order to hold the City Defendants liable under 42 U.S.C. §1983 for the actions alleged, Plaintiff must be given access to all relevant documentation of incident reports and investigative procedures of said incidents that are able to be produced by the Chattanooga Police Department at this time.

Limiting the scope of discovery to the extent of electronic tracking of such information which may be available to the City for documentation of such matters would produce a risk of Plaintiff being denied reasonably and readily available and requested information that is necessary to prove Plaintiff's claim. Defendant has not met their burden in showing good cause for limiting the scope of discovery to this extent. Not only is Plaintiff entitled to the information requested in the interrogatories and requests for production in accordance with the Federal Rules of Civil Procedure, but the Plaintiff would be unfairly prejudiced if Defendants are permitted to withhold potentially material evidence by limiting the scope and span of the discovery requests.

Should the court choose to grant this motion, Plaintiff's counsel requests to depose the custodian of records for the Chattanooga Police Department in accordance with the Federal Rules of Civil Procedure. Fed. R. Civ. P. 30(b)(6). From this witness, Plaintiff's counsel seeks to identify what documents, electronically stored information, and things are created in connection with an incident and its investigation; what "personnel" records are created and maintained for

individual police officers; and what kinds of records the department creates that will support the plaintiff's claim, such as use of force, citizen complaints, disciplinary review boards/internal affairs investigations and the like. With the knowledge gained from this Rule 30(b)(6) witness, the Plaintiff's counsel will submit a written discovery request tailored to the case.

## CONCLUSION

Plaintiff respectfully requests the Court to deny Defendant's Motion for Protective Order because it is contrary to the standards set forth in established case law in the State of Tennessee.

**WHEREFORE**, Plaintiff Rooks respectfully requests this Honorable Court to enter an Order:

1. Denying Defendant's Motion for Protective Order.
2. In the alternative, Granting Plaintiff's request to name the Chattanooga Police Department's Custodian of Records as a Rule 30(b)(6) deponent.

Respectfully submitted,

s/Robert Floyd Davis
Robert Floyd Davis (B.P.R. #30129)
Roger D. Layne (B.P.R. # 33873)
Davis, Kessler & Davis
433 Cherokee Blvd.
Chattanooga, TN 37405
Phone: (423) 267-7000
Fax: (423) 717-5488
roger@daviskessler.com
robert@daviskessler.com
*Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing has been served upon through the Court e-service system:

Kathryn C. McDonald, Esq.
J. Taylor Thomas, Esq.
Phillip A. Noblett, Esq.
Attorneys for Defendant, City of Chattanooga
100 East 11th St. Suite 200
Chattanooga, TN 37402

on this the 11th day of August, 2022.

                                               s/ Robert F. Davis
                                               Robert F. Davis