UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

ISABEL TERESA FERNANDEZ )
JENKINS, as next of kin of MYKEL D. )
JENKINS, )
    *Plaintiff*, )
) No. 1:22-cv-00069-DCLC-CHS
v. )
)
CITY OF CHATTANOOGA, )
CHATTANOOGA POLICE )
DEPARTMENT, JOE DOES 1-4 )
in their official capacity as agents for )
the Chattanooga Police Department, )
    *Defendants*. )

**O R D E R**

This matter is before the Court upon Defendant City of Chattanooga and Chattanooga Police Department's Motion for Protective Order [Doc. 17]. The Court conducted a hearing on this motion on August 16, 2022. Attorney Robert Davis appeared for Plaintiff's. Attorneys Phil Noblett and Kathryn McDonald appeared for Defendants.

This motion involves a dispute involving Plaintiffs First Set of Interrogatories and Request for Production—consisting of 15 interrogatories and 28 requests for production. Defendants object that 5 of the 15 interrogatories (namely, interrogatories 9, 10, 11, 12 and 13), as well as 7 of the 28 requests for production (namely, request nos. 9, 12, 14, 15, 18, 20 and 21) are overly broad and unduly burdensome. They seek a protective order from the Court limiting the scope of discovery propounded by Plaintiff.

In arguing for the overbreadth of the discovery propounded by Plaintiff, Defendants point out that interrogatories 9, 10, and 11 seek specific details concerning *all* arrests by the Chattanooga Police Department ("CPD") involving the use of deadly weapons during the past ten years; all disorderly conduct arrests by CPD during the past ten years; and all misdemeanor arrests by CPD

during the past ten years. Interrogatory 12 seeks information—without any time parameters—regarding all arrests by CPD that included charges for assaulting a police officer and which resulted medical attention to either the police officer or the subject of the arrest. Interrogatory 13 seeks information—again, without any time parameters—for all CPD arrests that involved a personal injury to the arrestee.

With respect to the requests for production, request no. 9 seeks all citizen complaint files about every CPD police officer for the past ten years; request no. 12 seeks all internal investigation files about every CPD police officer for the past ten years; request no. 14 seeks all arrest and use of force reports by the John Doe defendants (who are still unnamed) without any time parameters to limit the temporal scope of this request; request no. 15 seeks all arrest and use of force for every CPD officer that involved a take-down procedure for the past ten years; request no. 18 seeks all disorderly conduct arrest reports for every CPD officer for the past ten years; and request nos. 20 and 21 (these questions appear to be identical) seek misdemeanor incident, arrest or prosecution reports for an unnamed CPD police officer involving charges of resisting arrest and/or assault on a police officer—again without any time parameters to limit the temporal scope of the request.

Fed. R. Civ. P. 26(b)(1) defines the permissible scope of discovery:

> **(1) *Scope in General.*** Unless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Here, the Court agrees with Defendants that the information sought in the discovery requests to which Defendants have objected does not meet the test of relevance to the claims and defenses in this lawsuit, and is certainly not proportional to the needs of the case. As Defendants'

counsel explained at the hearing, most of the information and records sought by Plaintiff's counsel—whether it be for the past ten years or some indefinite period of time extending back even further—is in the form of paper copies without an electronic back-up. To find the information Plaintiff's counsel is seeking through these requests would require an incalculable number of hours in locating and reviewing thousands upon thousands of paper documents in an effort to find documents responsive to Plaintiff's expansive requests. Not only would this result in a tremendous amount of needless work by Defendants, such work would likely yield large volumes of information that have no bearing whatsoever on the issues in this lawsuit.

The Court finds that Plaintiff's expansive discovery requests are not proportional to the needs of this case. In addition, the discovery requests are not sufficiently targeted to be relevant to the claims and defenses in this lawsuit even considering Plaintiff's argument for the imposition of *Monell* liability. The Court will not endeavor to re-write the discovery requests to narrow their scope. Rather, it will strike the overly-expansive discovery requests, but will allow Plaintiff to take additional steps to more narrowly tailor further discovery requests in this case.

For the foregoing reasons, it is hereby **ORDERED** that:

1. Defendant City of Chattanooga and Chattanooga Police Department's Motion for Protective Order [Doc. 17] is **GRANTED IN PART** and **DENIED IN PART** as set forth below.

2. The Court will not enter a protective order; however, the Court hereby **STRIKES** interrogatories 9, 10, 11, 12 and 13 of Plaintiff's First Set of Interrogatories, as well as request nos. 9, 12, 14, 15, 18, 20 and 21 of Plaintiff's First Request for Production. These five interrogatories will not count against the total number of interrogatories Plaintiff is allowed to serve on Defendants.

3. The parties are hereby instructed to work collaboratively to schedule a deposition of the custodian or custodians of records for the Chattanooga Police Department pursuant to Fed. R. Civ. P. 30(b)(6) so that Plaintiff's counsel can gain sufficient information to propound written discovery requests more narrowly tailored to this case.

4. Each party shall be responsible for its own costs and attorney fees.

**SO ORDERED.**

/s/ *Christopher H. Steger*
UNITED STATES MAGISTRATE JUDGE