# Chattanooga Police Department - Policy Manual

# ADM-1 – INTERNAL AFFAIRS

**Amends/Supersedes:** ADM-1 (1/21/2020)  **Reviewed:** Annually/January  **Date of Issue:** 09/02/20

CALEA 11.3.3 & Chapter 26 (6th Ed.)

**PURPOSE**

The purpose of this general order is to establish guidelines for receiving and investigating complaints about employee misconduct, and to provide for recording and maintenance of records of such complaints and investigations.

**I. POLICY**

The Chattanooga Police Department shall ensure the integrity of the Department and its employees by investigating all allegations of employee misconduct from any source, outside or inside the Department including third-party and anonymous complaints. Investigations shall be conducted and appropriate investigative records shall be maintained. This written directive is applicable to all employees of the Department. All personnel shall be responsible for compliance with this directive. **[26.2.1]**

**II. ADMINISTRATION**

A. Role and Authority: The Office of Internal Affairs, under authority of the Chief of Police, investigates allegations of employee misconduct, with the exception of Chain of Command investigations as described herein. The goal of the Office of Internal Affairs is to ensure the integrity of the Department through an internal investigatory process in which objectivity, fairness, and justice are assured by impartial investigations and review.

B. Responsibility for Function: The Commander of the Professional Standards Division shall be responsible for the Office of Internal Affairs, and reports directly to the Chief of Staff and Chief of Police. **[26.2.3]**

C. Investigative Authority: Internal Affairs investigators, including officers temporarily assigned to that Office, shall have the authority to interview any member of the Department and to review any record or report of the Department in the course of an Internal Affairs investigation.

D. Employee Duty to Cooperate: Department employees shall render material and relevant statements during an Internal Affairs investigation or Chain of Command inquiry when so directed. Personnel shall not, in any manner, interfere with or attempt to interfere with an Internal Affairs investigation or Chain of Command inquiry. Department employees are required to provide truthful information during an Internal Affairs investigation or Chain of Command Inquiry.

E. Relief from Duty: The Chief of Police/Acting Chief of Police or the Commander of Professional Standards Division may relieve any employee from regular duty assignments for administrative reasons or when, in the judgment of the Chief or Commander, the employee is in danger or presents a danger to him/herself or the general public; pending the review of incident. Relief from duty is an administrative action and is in no way to be considered disciplinary action. The authority to relieve an employee from duty is extended to the acting Chief of Police in the absence of the Chief of Police.

The employee's Captain, or designee, shall be present when the employee is relieved of duty. An employee so relieved from regular duty may be placed on leave with pay, pending an administrative hearing. Any employee may also be temporarily reassigned to other duties for administrative reasons pending an Internal Affairs investigation. There will be a direct contact assigned to all personnel that are administratively relieved of duty. This direct contact (the employee's Captain or designee) will be made by phone or in person at least once per day for duration of leave status unless otherwise directed by the Chief of Staff. This contact will be documented and reported up the chain of command to the Chief of Staff on a weekly basis.

The provisions of this order are subject to the Chattanooga City Employee Information Guide which governs the situation in which an employee has been charged with a crime. **[26.3.7]**

F.  Relief from Duty by a Supervisor: Any supervisor may relieve from duty any subordinate employee for the remainder of the employee's shift when, in the judgment of the supervisor, the employee is incapable of performing his or her duties during such shift, and any such relieved employee shall be placed on leave with pay for the remainder of the shift. Any supervisor who relieves an employee in another chain of command shall notify the employee's supervisor of such relief from duty at the earliest opportunity. Relief from duty beyond the remainder of the employee's current shift must be done by the Chief of Police/Acting Chief of Police or the Commander of the Professional Standards Division. The authority to relieve an employee from duty is extended to the acting Chief of Police in the absence of the Chief of Police.

## III. COMPLAINT PROCESSING

A. Types of Complaints:

1. Formalized Official Complaints: Any complaint which outlines improper action by an employee, and is reasonably supported by circumstances which make the allegation plausible. This shall include all complaints received through administrative channels.

2. Non-Formalized Unofficial Complaint: Any complaint which is not reasonably supported by circumstances which make the allegation plausible.

B. Acceptance of Complaints:

1. All employees of the Department shall be held responsible for courteously receiving (or referring, as appropriate) any complaint reported to them against the Department or any employee.

2. Complaints Preferred to be in Writing: A person desiring to make an Official Complaint shall be asked to file the complaint in writing and in person. If a complainant wishes to remain anonymous, the complaint shall still be documented and a follow-up investigation made of any allegation. Third-party complaints shall also receive the same level of follow-up as any other complaint. **[26.2.1]**

3. Receipt of Complaints by Hamilton County 911: Hamilton County 911 shall not accept complaints on Department employees but shall transfer complaints as follows:

   a. Calls regarding complaints received during normal business hours shall be transferred to the Office of Internal Affairs.

   b. If a complaint is received by Hamilton County 911 during hours other than normal <u>business</u> hours, the call shall be transferred to a supervisor over the subject employee. If the supervisor is not available, the complainant shall be so advised and arrangements shall be made by Hamilton County 911 for the field supervisor to contact the complainant.

4. Receipt of Complaints at Information Desk: If a complaint is received at the Information Desk or at any precinct during normal business hours, the complainant shall be directed to the Office of Internal Affairs. Any complaint received after normal business hours shall be transferred to the Hamilton County 911 supervisor. If the Hamilton County 911 supervisor is not available, the complainant shall be advised and arrangements shall be made by the communications employee for the field supervisor to contact the complainant.

5. Personnel receiving an Official Complaint shall complete a Blue Team entry documenting the allegation. This can be done via internet on BlueTeam. Once on the site, use regular log in procedure select "Add Incident," then under "type of complaint" select "Citizen Complaint." This entry shall be forwarded to Internal Affairs. The receiving supervisor may "cc" the chain of command.

6. Initial Processing by IA:

   a. When a complaint is received at the Office of Internal Affairs, it shall be reviewed, recorded and assigned to the appropriate command to investigate.

   b. Serious Allegations: The Chief of Police, or designee, shall be notified immediately by the Professional Standards Division of any incident involving serious injury or death of a citizen or officer

and any incident likely to evoke strong reaction from the community. This information shall be communicated to the Chief of Police, or designee, as soon as practicable and by the most expeditious means available. Serious allegations include, but are not limited to, the following: **[11.3.3; 26.3.2]**

1. Allegations against employees of felony criminal offenses;

2. Employee involved shootings;

3. Excessive force involving serious injury; and

4. Incidents that present serious issues of liability or may generate increased community interest.

This provision does not relieve supervisors of the responsibility to initiate action on alleged employee misconduct that requires immediate attention. **[26.3.2]**

c. Upon receipt of a complaint, the Office of Internal Affairs shall send the complainant a letter acknowledging receipt of the complaint. The complainant shall be furnished a contact number to forward additional information or check the status of the case. The complainant shall be sent a letter at the conclusion of the 90-day investigation period notifying them whether the investigation phase of the disciplinary process has been concluded or extended. At the conclusion of the disciplinary process, the Office of Internal Affairs shall draft a letter signifying the completion of the case including the results of such investigation and forward the letter to the complainant. **[26.3.4 a, b, c]**

d. A Notice of Internal Affairs Investigation letter, which shall contain a statement of the allegations, shall, when possible, be sent to the employee prior to a formal interview. The letter shall also contain a statement of the employee's rights and responsibilities relative to the investigation. The Notice of Investigation shall not be completed if such notification would be detrimental to or compromise the investigation. Upon completion of the investigation the IA Commander will send a letter signifying the completion of the case and the disposition. This letter will not be necessary in the event the employee received disciplinary action for the violation. **[26.3.5]**

C. Internal Investigations Assignment:

1. Investigation of Certain Incidents: The Office of Internal Affairs shall investigate (1) any event in which a person dies or suffers a critical injury while such person is in custody of or being taken into custody by an officer, and (2) any non-administrative (not previously approved by supervisor) discharge of a firearm by an officer. For the purposes of this paragraph, "critical injury" is defined as any injury that could result in death.

2. The Office of Internal Affairs shall be responsible for the investigation of allegations of misconduct by employees of the Department which are considered Class I Offenses-as defined by [ADM-16 Code of Conduct](ADM-16 Code of Conduct). The Office of Internal Affairs, and the officer's chain of command, shall be notified by any supervisor who becomes aware of an officer's alleged violation of a Class I Conduct Offense as soon as practical.

3. The Office of Internal Affairs shall be responsible for tracking and assigning allegations of misconduct by employees of the Department which are considered misconduct as defined by [ADM-16 Code of Conduct](ADM-16 Code of Conduct).

4. Chain of Command Investigations:

a. Initial Inquiry into an alleged violation of Class II allegations shall be the responsibility of an employee's immediate supervisor or a supervisor assigned by the employee's division commander:

b. Once a supervisor becomes aware of such a complaint/allegation, the supervisor shall summarize the findings to writing and enter into the BlueTeam format prescribed by the Office of Internal Affairs. The Office of Internal Affairs will evaluate the complaint and assign appropriate allegations. The report shall be assigned to the appropriate Division Commander.

c. The Division Commander shall be responsible for ensuring the investigation is conducted and the appropriate reports and relevant evidence are attached to the case file in BlueTeam.

   1. Investigative Report (usually completed by Sgt.)
   2. Evidence (written statements, recorded interviews, relevant BWC/ICVARS video, etc)
   3. Conclusion of Fact (usually completed by Lt.)
   4. Division Commanders Recommendation (usually completed by Capt.)

5. Upon review by the Division Commander, the investigation shall be routed to the appropriate Assistant Chief for review and recommendation of discipline. Upon review and recommendation by the Assistant Chief, the case shall be routed to the Deputy Chief for review and recommendations. Upon conclusion, the Deputy Chief shall forward the case to the Chief of Police for review/action.

6. Records: Internal Affairs shall maintain a comprehensive file of all complaints received. Class I and Class II Offenses and investigations shall be entered into the Internal Affairs active database with an IA or COC number designation. All complaint records, including IA, Chain of Command investigations, and anonymous complaints, shall be archived in IA and stored in a secure area. **[26.2.2]**

7. For efficient management of data related to the Office of Internal Affairs operations, it is sometimes appropriate to purge items from the system. This should be infrequent and done with due regard. No purges shall be done for the purpose of removing legitimate information regarding complaints or investigations. In general, purges should only be for entries that are incorrect, duplicated, or improperly entered. The purge shall include information as to the reason for the purge. If it is related to a duplicate case, that case number shall be referenced in the narrative. All purges must be requested to and conducted by the Commander of the Professional Standards Division after consultation with the Office of the City Attorney.

8. Criminal charges against officers: The Office of Internal Affairs will monitor the progress of any criminal charges brought against an officer. The Commander of the Office of Internal Affairs will advise the Hamilton County District Attorney General and the local office of the U.S. Attorney in writing of any criminal charges brought against an officer bearing upon truthfulness, bias, or integrity, and the final outcome of any such charges.

D. Investigation of Complaints:

1. Impartiality: Complaints shall be investigated by persons not involved in the situation generating the complaint and not implicated by the complainant.

2. Investigative Assignment: If an investigation focuses on criminal matters, it may be investigated by an appropriate member of the Investigative Services Command but the Office of Internal Affairs shall also conduct an investigation for administrative purposes.

3. Time Limits: The impact of a case on the integrity of the agency and on employee morale necessitates a timely resolution to such issues. Generally, investigations must be completed within ninety (90) days of initiation. If necessary, the time limit may be extended according to circumstances. The responsibility for requesting an extension rests with the assigned investigator and/or supervisor. Any such extension shall be requested and approved in writing and attached to the case file. **[26.3.3]**

4. Notification of Prosecuting Attorneys of Disciplinary Dispositions: The Chief of Police will send to the Hamilton County District Attorney General and the local office of the U.S. Attorney a copy of any letter imposing disciplinary action on an officer for any allegation of misconduct bearing upon truthfulness, bias, or integrity.

5. Report of Investigation: The report of investigation shall include a "conclusion of fact" based upon the findings of the investigation. Based upon the "conclusion of fact," every investigation shall be classified according to the following:

   a. Not Sustained – The investigation failed to produce a preponderance of evidence to either prove or disprove the allegation;

b. Exonerated – The allegation in fact did occur but the actions of the employee were legal, justified, proper and in conformance with the law and department policy and procedure;

c. Unfounded – The allegation concerned an act by a department employee which did not occur; or

d. Sustained – The investigation produced a preponderance of evidence to prove the allegation(s) of an act which was determined to be misconduct. **[26.3.8]**

6. Fact-finding investigation shall be closed with a recommendation of follow up action to be taken including allegation(s) or whether actions being investigated were justified and within policy.

7. Disposition of Case Files (Internal Investigation): All investigations conducted by the Office of Internal Affairs, or Chain of Command, shall be documented and maintained in files protecting confidentiality and stored in a secure area. **[26.2.2]**

E. Investigative Tools:

1. Department Questioning: Employees shall answer questions truthfully, submit written statements and participate in taped interviews during internal investigations related to the employee's duties or fitness for duty. Failure to answer such questions and cooperate with the investigation may form the basis for disciplinary action and shall result in disciplinary action against the employee.

a. Answers given during an Internal Affairs investigation may not be used against the employee in any criminal proceeding, provided that such answers may be used in a subsequent prosecution for perjury based on testimony that occurs after the statement during the Internal Affairs investigation.

b. Whenever an employee is subject to questioning for reasons that would likely lead to demotion, dismissal, or suspension, the employee may have legal counsel or another representative present during such questioning for observation only. A representative shall not be present who is involved in the situation generating the complaint or implicated by the complainant.

2. Drug and Alcohol Testing: Employees may be subjected to drug or alcohol examinations in accordance with established City and Department policy. **[26.3.6a]**

3. Photograph Line-Up:

a. A photo identification book for conduct of a lineup, may be maintained by the Department, for identification of an employee accused of misconduct when material to a particular internal affairs investigation being conducted by the OIA. **[26.3.6b, d]**

b. Photographs, electronic images, audio or video recordings of employees may be taken for the purpose of internal investigations when it relates to the employee's job and the employee is suspected of misconduct. **[26.3.6b]**

4. Financial Disclosure Statements: An employee may be compelled to make financial disclosure statements, when directly and narrowly related to the performance of duty or fitness for office. **[26.3.6e]**

5. Polygraph Examination: Use of polygraph examinations during Internal Affairs investigations shall conform to established polygraph policies and procedures (OPS-23, Polygraph Examinations). **[26.3.6f]**

## IV. CONFIDENTIALITY

A. The progress of an internal investigation and all supporting materials are considered confidential information during the investigation. This confidentiality serves to protect both the accused employee and the complainant. Notwithstanding the foregoing, the Commander of the Office of Internal Affairs will advise the Hamilton County District Attorney General of any allegation of untruthfulness against an officer if the Commander has reason to believe such allegation is credible.

B. The Chief of Police (or designee) is the only party empowered to release the details of an open internal investigation to the public. Any such investigation shall be considered "open" until completion of such investigation and (1) a final ruling that no disciplinary action will be administered, (2) if disciplinary action is

administered, the expiration of the employee's time to appeal such disciplinary action in accordance with City Code 2-174 and no such appeal is made, or (3) if disciplinary action is administered and appealed by the employee in accordance with City Code 2-174, the hearing for such appeal is concluded.

C. This confidentiality rule in no way precludes reporting to the public statistical information on the processing of all complaints and internal investigations received and processed by the Office of Internal Affairs.

D. Any employee or any agent or attorney of an employee may record the employee's interview during internal investigations, provided however, that the Office of Internal Affairs shall take possession of any such recording at the conclusion of the interview and shall store such recording in the Property Unit. Any such stored recording shall be under the control of Internal Affairs and shall be released to the employee upon completion of the investigation. Prior to the completion of the investigation, the Commander of Internal Affairs may allow the employee or the employee's attorney to listen to such recording in the discretion of the Commander.

## V. ANNUAL REPORT

Annual statistical summaries of complaints shall be compiled by the Office of Internal Affairs Commander and made available to the public and Department employees. As part of the annual report for Internal Affairs, a section will outline a summary of purges to include the reason for the purge. **[26.2.5]**

## VI. COMPLAINT-COMMENDATION PROCESS TO BE PUBLICIZED

It shall be the responsibility of the Commander of Internal Affairs to make information available to the public on the procedures to register complaints against employees or commend the agency or employees. It shall be the responsibility of every employee to assist a citizen in making a complaint, providing information about the complaint process, or directing citizens to the appropriate supervisor so they may lodge a complaint. Pamphlets outlining the process of how to file a complaint or commendation are available to the public at various locations within the Department as well as in the City of Chattanooga's Chamber of Commerce office and Mayor's Office. **[26.2.4]**

David Roddy
*Chief of Police*
Chattanooga Police Department

Appendix A
# Complaint Investigation Flow Chart

