UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | |
|---|---|
| ISABEL TERESA FERNANDEZ JENKINS, as Next of kin of MYKEL D. JENKINS (Deceased),<br><br>Plaintiff,<br><br>vs.<br><br>CITY OF CHATTANOOGA, CHATTANOOGA POLICE DEPARTMENT, JOHN DOE 1, JOHN DOE 2, JOHN DOE 3, and JOHN DOE 4, in their Official capacities as agents for the Chattanooga Police Department,<br><br>Defendants. | Civil Action No. 1:22-cv-69 |

**DEFENDANT, CITY OF CHATTANOOGA, CHATTANOOGA POLICE DEPARTMENT, JOHN DOE 1, JOHN DOE 2, JOHN DOE 3, AND JOHN DOE 4 IN THEIR OFFICIAL CAPACITIES AS AGENTS FOR THE CITY OF CHATTANOOGA POLICE DEPARTMENT - RESPONSE TO PLAINTIFF'S RESPONSE TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**

Comes now the Defendants, City of Chattanooga, City of Chattanooga Police Department, John Doe 1, John Doe 2, John Doe 3, and John Doe 4, in their official capacities as agents for the Chattanooga Police Department (collectively "Defendants"), and file their Response to Plaintiff's Response to Defendant's Motion for Summary Judgment [Doc. 36] Defendants file the following response to wit:

### I. Response to Plaintiff's response to Defendants' Statement of Undisputed Facts and Additional Disputed Material Facts

1. Plaintiff disputes Paragraph 8 of the Defendants' statement of material facts by stating that Mr. Jenkins did not have a sharp object in his hand and was "contained to his bedroom where he was agitated, but not pacing." Those facts are not consistent with the body cam and affidavits in this case. Defendants' assert that the body cam submitted to the Court speaks for itself. Defendants have provided bodycam and the expert witness

1

report of Emanuel Kapelsohn which references the sharp object that decedent had in his hands [Doc. 29-11] and [Doc. 32]. Further, Plaintiff does not dispute Paragraph 11, which stated that "During this exchange, Mykel Jenkins continues to move back and forth and picks up a sharp object." Plaintiff agrees that at some point during the exchange Jenkins picked up a sharp object. Plaintiff also agrees that Jenkins was moving back and forth, in other words, pacing. Defendants submit that Plaintiff's dispute to this Paragraph 8 does not constitute a dispute, as they admit the same facts in Paragraph 11.

2. Plaintiff submits Additional Disputed Material Facts and assert in paragraph 1 that "Officers made no attempt to place Mykel in restraints and get him transported to a more secure location." Defendants would submit that the bodycam footage speaks for itself. Further, Officer deployed multiple tactics to de-escalate the situation as indicated in Kapelsohn's affidavit and report. [Doc. 29-11]. Officers told him multiple times that they were trying to get him help.

3. In Paragraph 2 of Plaintiff's Additional Disputed Material facts, Plaintiff states that "Officers were made aware immediately upon arrival at the residence that Mykel was not supposed to be in residence…" Defendants acknowledge this fact in Paragraph 9 of the Defendants' statement of undisputed facts by stating "Ms. Isabel Jenkins next informed the officers that Mykel Jenkins was not supposed to be at the residence…" This fact has already been submitted to the Court, therefore it is not an additional fact and should not be considered.

4. Additionally, in Paragraph 2 of Plaintiff's Additional Disputed Material facts, Plaintiff states that the officers "made no attempts to restrain Mykel and remove him from the location despite stating several times that they needed to transport him elsewhere." Defendants would further submit that as previously stated earlier, Officers' repeated

attempts to de-escalate the evolving situation were attempts to restrain Jenkins. As stated in Ronald Zirk's affidavit, "CPD officers are trained annually that they shall use the minimum amount of force necessary to conduct lawful public activities." [Doc. 29-14]. The officers followed the established protocol of the Chattanooga Police Department and no witness has stated that such policy was unconstitutional.

## II. Response to Plaintiff's Response to Defendant's Motion for Summary Judgment

### a. The City is not Liable under *Monell.*

The Plaintiff has conceded that the John Doe Officers have not been individually named within the one year statute of limitations and should be dismissed. The Plaintiff further concedes that the Chattanooga Police Department is not a proper party to this lawsuit. This means that the only remaining defendant in this case is the City of Chattanooga, a municipality.

Under *Monell,* as the Plaintiff correctly stated a Plaintiff "must demonstrate that the alleged federal violation occurred because of municipal policy or custom." As previously stated by Defendants and re-stated by Plaintiff, to establish municipal liability a plaintiff must prove:"1) the training program was inadequate to the tasks that the officers perform; 2) that the inadequacy is the result of the City's deliberate indifference; and 3) that the inadequacy is 'closely related to' or actually caused' the plaintiff's injury." *Hill v. Mcintyre* 884 F.2d 271, 275 (6th Cir. 1989). Plaintiff argues that her claims are "supported by a myriad of evidence in the record," but fails to identify such conclusory allegations.

Plaintiff further alleges that the City as well as the Chattanooga Police Department "have an established custom of allowing officers to disregard written policies and procedures at will. …" As mentioned by the Plaintiff "[a] plaintiff must, in order to show a custom or policy, adduce specific facts in support of his claim and conclusory allegations are not enough." Plaintiff is using the subject incident in an attempt to establish a custom or policy.

3

However Plaintiff's statements are conclusory allegations at best.  Plaintiff further states "[s]uch failure to adhere to trained procedures such as properly securing the control and compliance of a subject when there was ample opportunity to do so points to the existence of a disregard for their training and a lack of adherence to the trained policy."  Plaintiff is arguing without any expert witness proof from any law enforcement professional that the City's policies were inadequate but at the same time the officers did not follow the same policies she claimed were inadequate, which are conflicting arguments.

      **b.**      **Plaintiff's claims for Assault and Battery should be dismissed.**

The City reiterates its position as stated in the memorandum of law regarding the charges of assault and battery.  Further, because the Plaintiff concedes that the John Doe Officers and the Chattanooga Police Department should be dismissed as parties, because the only remaining issue in this matter is whether the City of Chattanooga had an unconstitutional policy custom or practice.  If any negligence claim exists as to the City based on negligent training and not deliberate indifference, such claims should be remanded and resolved by Tennessee state law under the TGTLA.

      **c.**      **Plaintiff is not the proper person or entity to bring suit.**

Plaintiff offers no relevant case law or statutory authority to support their contention that Ms. Isabel Jenkins was the appropriate person to bring this suit.  Other than stating the biological relationship between Ms. Jenkins and Mr. Jenkins and that Mr. Jenkins had no biological children, Plaintiff does not offer any substantive arguments to support their position that Ms. Jenkins is the appropriate party to this suit. Mr. Jenkins was an adult at the time of this incident. Mr. Jenkins had no open estate, personal representative, nor was he in the Plaintiff's legal custody.  In fact, at the time of his death, as stated earlier, he was not even supposed to be in Ms. Jenkins' residence due to pending court orders. The Plaintiff focuses on

4

Ms. Jenkins' biological relationship with Mr. Jenkins and merely states that she is his mother and she is the appropriate person to bring this lawsuit on his behalf. Those are conclusory allegations which are not factually supported by evidence.

### d. Summary Judgment is Appropriate because there is no genuine issue as to any material fact.

In order to prevail, on a motion for summary judgment, The Plaintiff has failed to show that there is a genuine issue of material fact. The moving party bears the burden of showing that there is not a genuine issue of material fact and that they are entitled to a judgment as a matter of law. *Wrench LLC v. TacoBell Corp,* 256 F.3d 446, 452-53 (6th Cir. 2001). The Sixth Circuit has held that "[a] dispute over a material fact cannot be 'genuine' unless a reasonable jury could return a verdict for the nonmoving party." *Leary v. Daeschner,* 349 F.3d 888, (6th Cir. 2003).

Plaintiff has failed to establish that any genuine issue of material fact exists in this case. Simply making conclusory statements without providing additional facts to support Plaintiff's position that the City violated Mr. Jenkins' civil rights does not establish deliberate indifference to any constitutional rights of the decedent. This was a rapidly evolving matter that resulted in quick actions by law enforcement officers and should not be judged by twenty-twenty hindsight based on conclusory statements in this record.

WHEREFORE, PREMISES CONSIDERED, Defendants pray that their Motion for Summary Judgment be granted.

Respectfully submitted,

OFFICE OF THE CITY ATTORNEY
CITY OF CHATTANOOGA, TENNESSEE

By: s/ Phillip A. Noblett
      PHILLIP A. NOBLETT (BPR #10074)
      *City Attorney*
      KATHRYN MCDONALD (BPR#30950)
      *Assistant City Attorney*
      100 E. 11th Street, Suite 200
      Chattanooga, Tennessee 37402
      (423) 643-8250 (telephone)
      (423) 643-8255 (facsimile)

      *Attorneys for Defendants*

## CERTIFICATE OF SERVICE

      I hereby certify that a copy of this pleading was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. All other parties will be served by regular U.S. mail. Parties may access this filing through the Court's electronic filing system.

Robert Davis
Corissa Davis
DAVIS, KESSLER, & DAVIS
433 Cherokee Boulevard
Chattanooga, TN 37405

      This 9th day of November, 2023

                                                                  s/ Phillip A. Noblett

City of Chattanooga, Tennessee
Office of the City Attorney
100 E. 11th Street, Suite 200
Chattanooga, Tennessee 37402
(423) 643-8250
pnoblett@chattanooga.gov